KNOLL, J.,
dissents and would grant the writ.
liBy denying this writ application, the majority declines to address an issue that is critically important to workers seeking timely compensation for their work-related injuries. Under La.Rev.Stat. 23:1201(G), penalties and attorney fees shall be awarded “[i]f any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due.... ” The writ raises the narrow question of when “a final, nonap-pealable judgment ... becomes due” such that this 30 day period begins to run. As we have repeatedly recognized,
The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. However, when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. Moreover, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.[1]
*1111 The plain language of La.Rev.Stat. 23:1201(G) is not clear and unambiguous. While defendants argue that the judgment does not “become[ ] due” until it becomes “unappealable” — that is, until the 60 days for filing a devolutive appeal have expired — plaintiffs contend the judgment becomes due in 30 days when the |gtime period for filing a suspensive appeal, “[a]n appeal which suspends the effect or execution of an appealable judgment,” expires.[2] Because the plain language of the law is susceptible to different-meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.[3]
The Louisiana Workers’ Compensation Law involved a careful compromise between employers and their employees. Employers ceded their immunity from liability for injuries for which they were not at fault, and employees surrendered their right to recover full damages for their injuries from their employers in tort. This compromise resulted in a worker’s compensation system which provides “modest compensation benefits designed to keep the injured employee and their family from destitution.”[4] The stated purposes of the act reflect this goal:
The legislature declares that the purpose of this Chapter is all of the following:
(1) To provide for the timely payment of temporary and permanent disability benefits to all injured workers who suffer an injury or disease arising out of and in the course and scope of their . employment as is provided in this Chapter.
(2) To pay the medical expenses that are due to all injured workers pursuant to this Chapter.
(3) To return such workers who have received benefits pursuant to this Chapter to the work forced[5]
Moreover, in articulating the legislative intent prompting the Louisiana Workers’ Compensation Law, the statute explicitly provides:
The legislature finds all of the following:
(1) That the Louisiana Workers’ Compensation Law is to be interpreted so as to assure the delivery of benefits to an injured employee in accordance with this Chapter.
(2) To facilitate injured workers’ return to employment at a treasonable cost to the employer.[6]
In my view, the First Circuit has interpreted La.Rev.Stat. 23:1201(G) in a manner completely at odds with the declared purpose of the Louisiana Workers’ Compensation Law and with the legislative intent explicitly expressed in the statute. In creating the workers’ compensation schema, the Legislature expressly intended to provide for timely payment of benefits, to facilitate the injured worker’s return to *1112 work, and to pay the medical expenses of the injured worker that are due. All of these purposes áre frustrated by an interpretation of the statute which sanctions an employer’s decision to delay payment of the worker’s award beyond the point when the employer may suspend the effect or execution of the judgment by filing a sus-pensive appeal. Because I believe the First Circuit’s interpretation of this ambiguous statute effectively bleeds the worker of resources needed to facilitate his recovery and his returii to the work force in plain contravention of the stated purposes of the Louisiana Workers’ Compensation Law, I dissent from the majority’s decision to deny the writ application, and I Would grant the writ. ■ ■

. Red Stick Studio Development, L.L.C. v. State ex rel. Dept. of Economic Development, 10-0193, p. 10 (La.1/19/11), 56 So.3d 181, 187-88; M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-2371, p. 13 (La.7/1/08), 998 So.2d 16, 27.

. La.Rev.Stat. 23:1310.5(B) ("The decision of the workers' compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an appeal-able judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days.”).

. Supra note 1.

. Stelly v. Overhead Door Co. of Baton Rouge, 94-0569, p, 4 (La.12/8/94), 646 So.2d 905, 909.

. La.Rev.Stat. 23:1020.1(B) (emphasis added).

. La.Rev.Stat. 23:1020.1(C) (emphasis added).